**UNITED STATES of America, Plaintiff,**

v.

**Joseph F. RUTH, Defendant.**

**No. 89–20080–01.**

United States District Court,
D. Kansas.

Feb. 14, 1990.

Julie A. Robinson, Asst. U.S. Atty., Kansas City, Kan., for plaintiff.

Carol A. Coe, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion of the defendant, Joseph F. Ruth, for an order staying administrative forfeiture proceedings now being conducted by the Drug Enforcement Agency (DEA), an agency of the United States (Doc. 42). The government has responded by asserting that the court is without jurisdiction to enter such an order, because there is nothing before the court relating to the administrative forfeiture proceeding.

Counsel for defendant has orally informed the court that a hearing is requested, but we have concluded that the motion can be decided on the basis of the papers submitted without hearing.

---

The government's assertion that the court is without jurisdiction is based upon the applicable regulations concerning administrative forfeiture proceedings in drug cases, 21 C.F.R. 1316.71–1316.81, promulgated by the Attorney General pursuant to the authority conferred by 21 U.S.C. § 871(b).

The regulations, 21 C.F.R. §§ 1316.75 to 1316.78, provide for forfeiture proceedings to be conducted administratively where the property sought to be forfeited is of a value of less than $100,000.00. There are no proceedings in court. However, if the claimant to the property in question gives notice of his claim and posts a bond for costs in the amount of 10% of the value of the property or $5,000.00, whichever is less, the administrative proceedings are halted, and the forfeiture is referred to the United States Attorney for the purpose of instituting condemnation proceedings pursuant to 18 U.S.C. § 981.

The regulations also require that the foregoing described action by the claimant be taken within 20 days from the date of the first publication of the notice of the administrative forfeiture proceedings in a newspaper of general circulation in the district where the property has been seized. 21 C.F.R. § 1316.75(b).

In the case now before the court the defendant Ruth has neither posted a bond for costs nor submitted an affidavit of indigency in lieu of the bond to the DEA. The result is that the administrative forfeiture proceedings have not been halted, and there are no judicial proceedings concerning the property.

The defendant states in the suggestions offered in support of his motion that 18 U.S.C. § 3231 confers jurisdiction because the property in question is the subject of the criminal case. We do not agree. The subject of the criminal case is the defendant, Joseph F. Ruth. The property sought to be forfeited is a separate and distinct matter. The forfeiture proceedings are not criminal forfeiture proceedings under 18 U.S.C. § 982.

We therefore conclude that the court is without jurisdiction to stay the administrative forfeiture proceedings, and the defendant's motion is denied.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.